# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Preterm-Cleveland, et al., | : | |
| Plaintiffs, | : | Case No. 1:19-cv-00360 |
| vs. | : | Judge Michael R. Barrett |
| Attorney General of Ohio, et al., | : | |
| Defendants. | : | |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction. (Doc. 42). This matter is also before the Court on Plaintiffs' Motion to File a Supplemental Complaint. (Doc. 41).

### I. BACKGROUND

Plaintiffs—a collection of reproductive healthcare clinics and physicians providing abortion care—filed their Initial Complaint in this matter in May 2019. The Initial Complaint includes one count against Defendants challenging the constitutionality of Ohio Senate Bill 23 of the 133rd General Assembly ("S.B. 23") also known as the "Heartbeat Protection Act." (Doc. 1). Plaintiffs also filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction enjoining the enforcement of S.B. 23. (Doc. 2). In July 2019, the Court granted Plaintiffs' Motion for a Preliminary Injunction and enjoined Defendants from enforcing or complying with S.B. 23 pending further Order of this Court. (Doc. 29). That Order remains in effect.

Pertinent to the current Order, on March 9, 2020, the Governor of Ohio declared a State of Emergency via Executive Order in light of COVID-19. (Doc. 41-1, PageID 698-701). "COVID-19 is a respiratory disease that can result in serious illness or death, is caused by the SARS-CoV-2 virus, which is a new strain of coronavirus that had not been previously identified in humans and can easily spread person to person." *Id.*

On March 17, 2020, Defendant Director of the Ohio Department of Health, Amy Acton, issued an order titled "RE: Director's Order for the Management of Non-essential Surgeries and Procedures throughout Ohio" ("Director's Order"). *Id.* The Director's Order states, inter alia, that:

> 1. Effective 5:00 p.m. Wednesday March 18, 2020, all non-essential or elective surgeries and procedures that utilized P[ersonal protective equipment ("PPE")] should not be conducted.
>
> 2. A non-essential surgery is a procedure that can be delayed without undue risk to the current or future health of a patient. Examples of criteria to consider include:
>     a. Threat to the patient's life if surgery or procedure is not performed;
>     b. Threat of permanent dysfunction of an extremity or organ system;
>     c. Risk of metastasis or progression of staging; or
>     d. Risk of rapidly worsening to severe symptoms (time sensitive).
>
> 5. . . . This Order shall remain in full force and effect until the State of Emergency Declared by the Governor no longer exists, or the Director of the Ohio Department of Health rescinds or modifies this Order.

*Id.* Defendant Acton states that the Order's purposes are to "prevent[] the spread of contagious or infectious diseases" and "preserv[e PPE] and critical hospital capacity and resources within Ohio." *Id.* A violation of the Director's Order is a second-degree misdemeanor. *See* Ohio Rev. Code. § 3701.352.

On March 20, 2020 and March 21, 2020, Defendant Attorney General of Ohio, Dave Yost, sent letters to Plaintiffs Planned Parenthood Southwest Ohio Region,

2

Preterm-Cleveland, and Women's Med Group Professional Organization citing the Director's Order and stating that "[t]he Ohio Department of Health has received a complaint that your facility has been performing or continues to offer to perform surgical abortions, which necessarily involve the use of PPE." (Doc. 42-1, PageID 807); (Doc. 42-2, PageID 820); (Doc. 42-4, PageID 845). Defendant Yost ordered Plaintiffs "to immediately stop performing non-essential and elective surgical abortions." *Id.* Defendant Yost concluded that, "[i]f you or your facility do not immediately stop performing non-essential or elective surgical abortions in compliance with the attached order, the Department of Health with take all appropriate measures." *Id.*

On March 30, 2020, Plaintiffs filed their Motion to File a Supplemental Complaint and Motion for a Temporary Restraining Order and/or Preliminary Injunction. (Docs. 41, 42). The proposed Supplemental Complaint seeks to add a constitutional challenge to the Director's Order as applied to surgical abortion procedures. (Doc. 42-1). The Motion for a Temporary Restraining Order and/or Preliminary Injunction requests that the Court temporarily enjoin Defendants from enforcing the Director's Order in a way that would ban surgical abortion in Ohio. (Doc. 42).

The Court held two informal telephone conferences on March 30, 2020 pursuant to S.D. Ohio Civ. R. 65.1 and Plaintiffs advised the Court of their preference for an immediate ruling on their Motion for a Temporary Restraining Order as they have scheduled surgical abortion surgeries this week.

3

## II. ANALYSIS

### a. Standard of Review

#### i. Motion to File Supplemental Complaint

Rule 15(d) of the Federal Rules of Civil Procedure governs supplemental pleadings and permits a party to move to file, and the Court to permit, "a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). "Rule 15(d) aims 'to give the court broad discretion in allowing a supplemental pleading.'" *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016) (citing FED. R. CIV. P. 15(d) advisory committee's note to 1963 amendment).

#### ii. Motion for Temporary Restraining Order

Under Federal Rule of Civil Procedure 65, the purpose of a temporary restraining order is to preserve the status quo so that a reasoned resolution of a dispute may be had. *See, e.g.*, *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

In the Sixth Circuit, the standard for obtaining a temporary restraining order and the standard for obtaining a preliminary injunction are the same. *Workman v. Bredesen*, 486 F.3d 896 (6th Cir. 2007). In determining whether to grant or deny a temporary restraining order or a preliminary injunction, the Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam) (en banc) (internal quotation

4

marks omitted). Due to the urgency of the situation, the Court will decide whether temporary injunctive relief is warranted based on Plaintiffs' Motion (Doc. 42), along with the affidavits and documents filed in the record as of the date of this Order, and the two telephonic conferences held on March 30, 2020. *See* FED. R. CIV. P. 65.

### b. Holdings

#### i. Motion to File Supplemental Complaint

The facts in Plaintiffs' Initial Complaint (Doc. 1) are sufficiently related to the facts in Plaintiffs' proposed Supplemental Complaint (Doc. 41-1) such that the Court will allow Plaintiffs' supplemental pleading. *See Ne. Ohio Coal. for the Homeless*, 837 F.3d at 625. The Court finds that the combination of the overlapping subject matter, the Court's familiarity with that subject matter, and the Court's prior entry of a Preliminary Injunction related to that subject matter favor allowing the supplemental pleading. *See id.*

#### ii. Motion for Temporary Restraining Order

The Court concludes, for the reasons required under Federal Rule of Civil Procedure 65(d), that Plaintiffs have shown (1) a likelihood of success on the merits of at least one of its claims; (2) that Plaintiffs and their patients will suffer irreparable harm if an injunction is not issued; (3) that the balance of harm favors Plaintiffs; and (4) that the public interest weighs in favor of granting a temporary restraining order. *See Hoover Transp. Servs., Inc. v. Frye*, 77 F. App'x 776, 781 (6th Cir. 2003) ("If [plaintiffs] can show a likelihood of success on the merits of any of the claims, an injunction may issue, subject to consideration of the other factors.").

The law is well-settled that women possess a fundamental constitutional right of access to abortions. *Roe v. Wade*, 410 U.S. 113, 153-54 (1973). Yet the right to terminate

5

a pregnancy is not absolute: "[A] state may regulate abortion *before viability* as long as it does not impose an 'undue burden' on a woman's right to terminate her pregnancy." *Women's Med. Prof'l Corp. v. Taft*, 353 F.3d 436, 443 (6th Cir. 2003) (quoting *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 876 (1992) (emphasis added)). "[T]here 'exists' an 'undue burden' on a woman's right to decide to have an abortion, and consequently a provision of law is constitutionally invalid, if the '*purpose or effect'* of the provision 'is to place a substantial obstacle in the path of a woman seeking an abortion before the fetus attains viability.'" *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2300 (2016) (quoting *Casey*, 505 U.S. at 878 (emphasis added in *Hellerstedt*)).

Defendant Yost's letters to Plaintiffs suggest his determination that surgical abortions are non-essential surgeries and thus are subject to the Director's Order. *See* (Doc. 42-1, PageID 807); (Doc. 42-2, PageID 820); (Doc. 42-4, PageID 845). Defendant Yost's statements and order in those letters, without more guidance, implicate Plaintiffs' patients' Fourteenth Amendment rights. In balancing the four relevant factors and at this stage in the proceedings, Plaintiffs have shown a likelihood of success on the merits on its claim that enforcement of the Director's Order as applied to surgical abortion procedures will result in an unconstitutional deprivation of Plaintiffs' patients' Fourteenth Amendment right to substantive due process because enforcement creates a substantial obstacle in the path of patients seeking pre-viability abortions, thus creating an undue burden on abortion access.

Turning to the factor of irreparable harm, Plaintiffs argue that their patients will suffer serious and irreparable harm in the absence of a temporary restraining order and/or preliminary injunction, as the Director's Order prevents Ohio women from exercising their

6

Case: 1:19-cv-00360-MRB Doc #: 43 Filed: 03/30/20 Page: 7 of 8 PAGEID #: 868
Case 5:20-cv-00277-G Document 16-2 Filed 03/31/20 Page 8 of 9

constitutional right to reproductive freedom as protected by the Fourteenth Amendment.[1] (Doc. 42). Inasmuch as this Court has determined that the Director's Order likely places an "undue burden" on a woman's right to choose a pre-viability abortion, and thus violates her right to privacy guaranteed by the Fourteenth Amendment, the Court further determine that its enforcement would, per se, inflict irreparable harm.

With regard to the remaining factors concerning harm to others and the public interest, Plaintiffs assert that their patients will suffer numerous irreparable harms without injunctive relief and, given the indeterminate length of the Director's Order, some could be forced to forgo an abortion entirely and carry an unwanted pregnancy to term. (Doc. 42). Defendants have not demonstrated to the Court, at this point, that Plaintiffs' performance of these surgical procedures will result in any beneficial amount of net saving of PPE in Ohio such that the net saving of PPE outweighs the harm of eliminating abortion. These favors weigh in Plaintiffs' favor. *See Am. Freedom Def. Initiative v. Suburban Mobility Auth. for Reg'l Transp.*, 698 F.3d 885, 896 (6th Cir. 2012); *Jackson Womens' Health Org. v. Currier*, 940 F. Supp. 2d 416, 424 (S.D. Miss. 2013).

Accordingly, a temporary restraining order is proper. In that regard, and understanding the novel intersection between the foregoing legal precedent in *Roe*, *Casey*, and *Hellerstedt* that emphasizes the Fourteenth Amendment's guarantee of the right to reproductive freedom and Ohio's interest in protecting its citizens during the evolving COVID-19 emergency, the Court holds that Plaintiff healthcare providers are to determine if a surgical abortion procedure can be safely postponed during the pre-viability

---

[1] While clinics and physicians do not possess a constitutional right to perform abortions, they have standing to assert constitutional challenges on behalf of their patients in the abortion context. *See Planned Parenthood of Greater Ohio v. Hodges*, 917 F.3d 908 (6th Cir. 2019).

stage to maximize healthcare resources to combat the COVID-19 pandemic. If a healthcare provider determines, on a case-by-case basis, that the surgical procedure is medically indicated and cannot be delayed, based on the timing of pre-viability or other medical conditions, said procedure is deemed legally essential to preserve a woman's right to constitutionally protected access to abortions.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Motion to File a Supplemental Complaint (Doc. 41) is **GRANTED**. It is further **ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction (Doc. 42) is **GRANTED IN PART,** to the extent that it seeks a temporary restraining order, **and HELD IN ABEYANCE IN PART,** to the extent that it seeks a preliminary injunction. Specifically, it is hereby **ORDERED** that Defendant; Defendant's officers, agents, servants, employees, and attorneys; and those persons in active concert or participation with them who receive actual notice of the order are **TEMPORARILY RESTRAINED** from enforcing the Director's Order against Plaintiffs as described above.

This Temporary Restraining Order is effective upon entry and expires fourteen (14) days thereafter unless dissolved earlier or extended by the Court. There is no bond requirement. *See Molton Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) (district court has discretion to issue preliminary injunction with no bond).

**IT IS SO ORDERED.**

_s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court

8