# EXHIBIT 3

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
YASHICA ROBINSON, M.D.,      )
et al., on behalf of         )
themselves, their            )
patients, physicians,        )
clinic administrators,       )
and staff,                   )
                             )
     Plaintiffs,             )
                             )     CIVIL ACTION NO.
     v.                      )     2:19cv365-MHT
                             )         (WO)
STEVEN MARSHALL, in his      )
official capacity as         )
Alabama Attorney General,    )
et al.,                      )
                             )
     Defendants.             )
```

TEMPORARY RESTRAINING ORDER

Plaintiffs Yashica Robinson, M.D., Alabama Women's
Center, Reproductive Health Services, and West Alabama
Women's Center have moved for an *ex parte* temporary
restraining order ("TRO") pursuant to Rule 65(b)(1) of
the Federal Rules of Civil Procedure. They seek to
enjoin enforcement of the State Public Health Officer's
"Order of the State Health Officer Suspending Certain
Public Gatherings Due to Risk of Infection by

COVID-19", published on March 27, 2020.  Emergency oral argument, with counsel for both plaintiffs and defendants, was held on the motion today.  For the reasons described below, plaintiffs' motion for a temporary restraining order will be granted.

## I.  Legal Standard

To demonstrate that a temporary restraining order is warranted, plaintiffs must show: (1) that there is a substantial likelihood of success on the merits of their suit; (2) that they will suffer irreparable harm absent injunctive relief; (3) that the harm to plaintiffs absent an injunction would outweigh the harm to the defendants from an injunction; and (4) that an injunction is in the public interest.  *See Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

## II. Background

On March 27, 2020, responding to the COVID-19 pandemic, Alabama's State Health Officer issued an

order suspending certain public gatherings.[1]  The March 27 order was promulgated by the State Health Officer pursuant to his authority to direct that conditions prejudicial to health in public places be abated, *see* Ala. Code § 22-2-2(4), and it is in full force until at least 5:00 p.m. on April 17, 2020.

Among many other prohibitions, the March 27 order mandates that "all dental, medical, or surgical procedures shall be postponed until further notice," subject to exceptions for procedures necessary to treat an "emergency medical condition," necessary to "avoid serious harm from an underlying condition or disease," or "necessary as part of a patient's ongoing and active treatment."  While the order itself is arguably not clear,[2] the State's attorney, in his oral

---

1. The State Health Officer had issued a number of previous orders, but plaintiffs were assured that the earlier orders would not be enforced against providers of abortions.  No such assurance was provided regarding the most recent order.

2. Prior to today's hearing, plaintiffs sought clarification regarding the application of the order to abortion, which the State declined to provide.

representations on the record, took the position that the March 27 order requires the postponement of *any* abortion that is not medically necessary to protect the life or health of the mother.  This is extremely broad, and includes not only procedural abortions, but also those which are obtained through simply taking medication--the method by which the vast majority of abortions in Alabama are conducted.

Plaintiffs moved for a temporary restraining order and a preliminary injunction, seeking to enjoin enforcement of the March 27 order as it relates to the provision of abortions in Alabama.

### III. Discussion

A. Substantial Likelihood of Success on the Merits

Plaintiffs have established a likelihood of success on the merits of their claim that the March 27 order violates their patients' right to privacy under the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the United States

Constitution protects a woman's right to terminate her pregnancy. *See Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 871 (1992) (plurality opinion). A State may regulate abortion to further its legitimate interests, but only if the laws in question do not pose an "undue burden" to a woman's right to end her pregnancy. *Casey*, 505 U.S. at 876–79 (plurality opinion). "An undue burden exists, and therefore a provision of law is invalid, if its purpose or effect is to place a substantial obstacle in the path of a woman seeking an abortion before the fetus attains viability." *Id.* at 878.

In evaluating regulations of pre-viability abortion, courts must "consider[] the burdens a law imposes on abortion access together with the benefits those laws confer." *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2309 (2016). In contrast, in evaluating a *ban* on pre-viability abortion, no state interest can prevail: "Before viability, the State's interests are not strong enough

to support a prohibition of abortion...." *Casey*, 505 U.S. at 846 (opinion of the Court).

Put simply, "the court must determine whether, examining the regulation in its real-world context, the obstacle is more significant than is warranted by the State's justifications for the regulation." *Planned Parenthood Se., Inc. v. Strange*, 9 F. Supp. 3d 1272, 1287 (M.D. Ala. 2014) (Thompson, J.). Here, plaintiffs have demonstrated a likelihood of success on the merits. As interpreted by the State's attorney, the March 27 order implements a blanket postponement of *all* abortions, medication or procedural, that are not necessary to preserve the life or health of the mother. Because Alabama law imposes time limits on when women can obtain abortions, the March 27 order is likely to *fully* prevent some women from exercising their right to obtain an abortion. And for those women who, despite the mandatory postponement, are able to vindicate their right, the required delay may pose an undue burden that is not justified by the State's purported rationales.

Defendants argued orally that the undue-burden framework is inapplicable to the March 27 order. Rather, they suggest, the March 27 order's constitutionality rests upon the State's broad emergency powers. Given the risks of immediate harm described below, the court opts not to delay the restraining order to accommodate further briefing. However, the court will give defendants until 5:00 p.m. on April 1 to present these arguments in full, and will then take them up at the hearing regarding a preliminary injunction. In the meantime, based on the current record, the court finds that plaintiffs have shown a likelihood of success on the merits.

## B. Irreparable Harm

Plaintiffs have also demonstrated imminent, irreparable harm to their patients. Plaintiffs' patients will be delayed in, and in some cases permanently prevented from, exercising their right to privacy--a denial of which constitutes "irreparable

injury." *See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990). Indeed, a "delay in obtaining an abortion can result in the progression of a pregnancy to a stage at which an abortion would be less safe, and eventually illegal." *Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, 738 F.3d 786, 796 (7th Cir. 2013).

Plaintiffs have further demonstrated that their provision of abortions would risk violating the dictates of the March 27 order, as it is understood by the State, and that they must either stop providing abortions or risk criminal penalties, licensure sanctions, or both. The March 27 order's limited medical exceptions do not alleviate these harms. Indeed, even with these exceptions, providers performing abortions that they deem medically necessary risk subjecting themselves to "the tender mercies of a prosecutor's discretion and the vagaries of a jury's decision" regarding the exceptions' applicability. *W.*

*Alabama Women's Ctr. v. Williamson*, 900 F.3d 1310, 1329 (11th Cir. 2018), *cert. denied sub nom. Harris v. W. Alabama Women's Ctr.*, 139 S. Ct. 2606 (2019).  In light of the fraught choice that the March 27 order presents, plaintiffs have clearly demonstrated a risk of irreparable harm.


## C. The Balance of Hardships

Plaintiffs have also demonstrated that their imminent injuries outweigh the harm that a temporary restraining order might cause to defendants. Plaintiffs allege, at minimum, a temporary denial of their constitutional rights; for some women, the March 27 order likely would entirely prevent them from terminating their pregnancy.  In contrast, the State's interest in immediate enforcement of the March 27 order--a broad mandate aimed primarily at preventing large social gatherings--against abortion providers does not, based on the current record, outweigh plaintiffs' concerns.  Again, the court will consider

9

defendants' arguments regarding the State's emergency powers when it takes up the matter in full at the forthcoming hearing. Further, the court is swiftly setting this motion for a preliminary injunction hearing, where it will hear both sides in detail. Until then, however, the balance of equities favors a temporary restraining order to preserve the status quo.

### D. The Public Interest

Finally, the court finds that a temporary restraining order serves the public interest, including by temporarily maintaining the status quo until the court can fully resolve the issues on the merits. Despite the serious conditions described by defendants and the dire need for medical equipment across the United States, the benefits of some potential increase in the availability of equipment (some of which may be ill-suited to the task of disease containment) do not outweigh the serious, and, in some cases, permanent, harms imposed by the denial of an individual's right to

privacy.    A temporary restraining order therefore serves the public interest.

***

Accordingly, it is ORDERED that plaintiffs' motion for a temporary restraining order (doc. no. 73) is granted.    Defendants, their agents, and anyone acting in concert with them are TEMPORARILY RESTRAINED from enforcing, threatening to enforce, or otherwise requiring evidence of compliance with the March 27 order against or from abortion providers, clinics, and their staff.    This temporary restraining order shall expire on April 13, 2020, at 5:00 p.m., unless extended by the court for good cause shown or by agreement of the parties.

It is further ORDERED that the security requirement of Fed. R. Civ. P. 65(c) is waived and that this injunctive relief is effective upon service.

It is further ORDERED that defendants are to submit their response to plaintiffs' motion for a preliminary

injunction by 5:00 p.m. on Wednesday, April 1, 2020. Plaintiffs will then have until 5:00 p.m. on April 3, 2020, to reply. The court will immediately begin to reconsider the temporary restraining order in light of defendants' responses.

DONE, this the 30th day of March, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE