FILED
United States Court of Appeals
Tenth Circuit

April 13, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

| | |
|---|---|
| SOUTH WIND WOMEN'S CENTER LLC, d/b/a Trust Women Oklahoma City, on behalf of itself, its physicians and staff, and its patients; LARRY A. BURNS, D.O, on behalf of himself and his staff and his patients; COMPREHENSIVE HEALTH OF PLANNED PARENTHOOD GREAT PLAINS INC., on behalf of itself, its physicians and staff, and its patients,<br><br>    Plaintiffs - Appellees,<br><br>v.<br><br>J. KEVIN STITT, in his official capacity as Governor of Oklahoma; MICHAEL HUNTER, in his official capacity as Attorney General of Oklahoma; DAVID PRATER, in his official capacity as District Attorney for Oklahoma County; GREG MASHBURN, in his official capacity as District Attorney for Cleveland County; GARY COX, in his official capacity as Oklahoma Commissioner of Health; MARK GOWER, in his official capacity as Director of the Oklahoma Department of Emergency Management,<br><br>    Defendants - Appellants.<br><br>------------------------------<br><br>THE AMERICAN CENTER FOR LAW AND JUSTICE; SIXTY-TWO MEMBERS OF THE OKLAHOMA SENATE AND OKLAHOMA HOUSE OF REPRESENTATIVES; STATE OF UTAH; STATE OF ALABAMA; STATE | No. 20-6045<br>(D.C. No. 5:20-CV-00277-G)<br>(W.D. Okla.) |

OF ALASKA; STATE OF ARKANSAS; STATE OF IDAHO; STATE OF INDIANA; STATE OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSISSIPPI; STATE OF MISSOURI; STATE OF MONTANA; STATE OF NEBRASKA; STATE OF OHIO; STATE OF SOUTH DAKOTA; STATE OF SOUTH CAROLINA; STATE OF TEXAS; STATE OF TENNESSEE; STATE OF WEST VIRGINIA; DISTRICT OF COLUMBIA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MASSACHUSETTS; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; STATE OF PENNSYLVANIA; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF VIRGINIA; STATE OF WASHINGTON; ARCHDIOCESE OF OKLAHOMA CITY; CATHOLIC CONFERENCE OF OKLAHOMA; OKLAHOMA BAPTISTS; OKLAHOMA FAITH LEADERS; ROMAN CATHOLIC DIOCESE OF TULSA

    Amici Curiae.

———————————————

**ORDER AND JUDGMENT**[*]

---

[*] After examining the appellate filings, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.

_____

In connection with the current COVID-19 pandemic, the Governor of Oklahoma issued an Executive Order ("EO") on March 24 declaring a state of emergency and stating that "Oklahomans and medical providers in Oklahoma shall postpone all elective surgeries, minor medical procedures, and non-emergency dental procedures until April 7." Fourth Am. Exec. Order 2020-07, ¶ 18, *South Wind Women's Ctr. LLC v. Stitt*, No. 5:20-cv-00277-G (W.D. Okla. Mar. 30, 2020), ECF No. 1-1. The EO was amended on April 1 to extend the postponement of elective surgeries and minor medical procedures until April 30. The EO did not elaborate on the specifics of "elective surgeries" or "minor medical procedures." But a press release by the Governor on March 27 stated that the postponement of elective surgeries and minor medical procedures referenced in the EO applied to "any type of abortion services as defined in 63 O.S. § 1-730(A)(1) [that] are not a medical emergency as defined in 63 O.S. § 1-738.1[A] or otherwise necessary to prevent serious health risks to the unborn child's mother." Mar. 27, 2020 Press Release, "Governor Stitt Clarifies Elective Surgeries and Procedures Suspended Under Executive Order," *South Wind Women's Ctr.*, No. 5:20-cv-00277-G (W.D. Okla. Mar. 30, 2020), ECF No. 1-2.

Plaintiffs-Appellees ("Appellees") are three of the four providers of abortion services in Oklahoma, and they promptly brought suit in the Western District of

3

Oklahoma against the Governor and various other state officials ("Appellants"), challenging the suspension of abortion services as unconstitutional. They filed a Motion for Temporary Restraining Order and/or Preliminary Injunction on March 31. The district court granted the motion for a temporary restraining order ("TRO") in part on April 6, ordering that: (1) "The prohibition on surgical abortions may not be enforced with respect to any patient who will lose her right to lawfully obtain an abortion in Oklahoma on or before the date of expiration of the Executive Order; and" (2) "The prohibition on medication abortions may not be enforced." Mot. to Stay, Attach. G at 13. Appellants appealed that order on April 7 and then filed two motions with this court—an emergency motion for stay pending appeal and a motion to expedite the appeal. On expedited review, we dismiss the appeal for lack of jurisdiction and deny the emergency motion for stay pending appeal as moot.

"Because the district court's order took the form of a temporary restraining order, we must address our own jurisdiction. Temporary restraining orders are not ordinarily appealable, but preliminary injunctions are appealable." *Tooele Cty. v. United States*, 820 F.3d 1183, 1186 (10th Cir. 2016); *see also Populist Party v. Herschler*, 746 F.2d 656, 661 n.2 (10th Cir. 1984); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3922.1 (3d ed. 2014) ("The general rule is that orders granting, refusing, modifying, or dissolving temporary restraining orders are not appealable under [28 U.S.C.] § 1292(a)(1) as orders respecting injunctions."); 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3914.3 (2d ed. 1992) ("It long

4

has been settled as a general matter that § 1292(a)(1) permits appeal from decisions with respect to preliminary injunctions, but not from temporary restraining order decisions.").

But this court has noted two exceptions to the general rule that denial of a TRO is not appealable under 28 U.S.C. § 1292(a)(1): (1) "when the order in reality operates as a preliminary injunction" and (2) "when the order is appealable as a final order under 28 U.S.C. § 1291." *Populist Party*, 746 F.2d at 661 n.2 (internal quotation marks omitted). The second exception does not apply here; this TRO is clearly not appealable as a final order. Which leaves us to decide whether this TRO in reality operates as a preliminary injunction and is therefore appealable within the first exception.

> For an interlocutory order to be immediately appealable under § 1292(a)(1), . . . a litigant must show more than that the order has the practical effect of refusing an injunction. Because § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, we have construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of permitting litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence. Unless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal.

*Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (citation and internal quotation marks omitted). In *United States v. State of Colorado*, 937 F.2d 505, 507-08 (10th Cir. 1991), this court relied on *Carson* in applying a three-part test to evaluate whether an order refusing to approve modification of a consent decree had the

5

practical effect of an injunction. To sustain appellate jurisdiction under that test, the government must show (1) the interlocutory order has "the practical effect of denying an injunction"; (2) "the order [has] irreparable consequences"; and (3) the order "can be effectively challenged only by immediate appeal." *Id*.

Appellants argue[1] that irreparable harm will result from the TRO and that "even two weeks of undermining the state's response to the pandemic would be truly irremediable." Mot. to Stay TRO at 1 (internal quotation marks omitted). Appellees maintain that Appellants have not shown irreparable harm or that the only means of effectively challenging the TRO is by immediate appeal.

To support their position that irreparable harm will result from the TRO and that, alone, warrants treating this order as an appealable injunction, Appellants cite *Duvall v. Keating*, 162 F.3d 1058, 1062 (10th Cir. 1998). *Duvall* was a death penalty case in which a death row prisoner appealed the denial of a TRO that was requested to stop an imminent execution. In that context, this court acknowledged that, although a TRO is not generally appealable, it would exercise jurisdiction based on an exception that applies when "an appellant will suffer irreparable harm absent immediate review."[2] *Id*. The irreparable harm in that case was the appellant's

---

[1] In their motion to expedite the appeal, Appellants propose that the arguments in their stay motion and the attached exhibits stand as their opening appellate brief. We grant the motion to expedite and therefore rely on Appellants' stay motion and exhibits, Appellees' response opposing the stay motion, and Appellants' reply in deciding the appeal.

[2] *Duvall* relied on an Eleventh Circuit case, *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995), for this exception. *Ingram* also involved an imminent execution.

6

execution, and the threat of that harm was established with evidentiary certainty. So it followed from the nature of the irreparable harm and its evidentiary certainty that the TRO could not be effectively challenged absent immediate appeal; otherwise, the appellant would have been executed. Not only is the nature of the irreparable harm urged by Appellants quite distinguishable from the impending execution that persuaded the *Duvall* court to exercise appellate jurisdiction, but it also lacks the evidentiary certainty of the harm established in *Duvall*.

The TRO entered in this case is of short duration; it expires April 20, which brings it squarely within the confines of Fed. R. Civ. P. 65(b)(2). Further, immediate review is not the only means of effectively challenging the district court's action here, and Appellants' rights will not be irretrievably lost absent immediate review. In fact, the matter remains pending before the district court in Appellees' request for a preliminary injunction. And the deadlines reflected on the district court docket give every indication that the court intends to promptly rule on the request for a preliminary injunction. These circumstances combine to support the conclusion that the district court's order operates as what it purports to be—a TRO. As such, the order is not appealable.

---

*See id.* ("Because the district court denied Ingram's motion for a TRO, he faces execution in less than twenty-four hours. The requirements of irreparable harm and need for immediate appeal are therefore satisfied.").

7

We grant the motion to expedite the appeal, as well as the motion for leave to file an amicus brief filed on April 10 by the Roman Catholic Diocese of Oklahoma, et al. We dismiss the appeal for lack of jurisdiction, and we deny as moot the emergency motion for stay pending appeal.

                                        Entered for the Court
                                        Per Curiam

**20-6045, South Wind Women's Center v. Stitt (Lucero, J., concurring).**

I am fully in agreement with the per curiam order of the court. I write separately to concur on one point.

As noted, we must determine whether the temporary restraining order has the practical effect of a preliminary injunction under Rule 65(a). The second factor of the three-part test we apply is determined under <u>United States v. Colorado</u>, 937 F.2d 505 (10th Cir. 1991). We ask whether the district court's order has irreparable consequences. <u>Id.</u> at 507, 508. The State of Oklahoma contends that the consequence of allowing the temporary restraining order to remain in effect pending resolution of the request for a preliminary injunction is irreparable. Our per curiam order mentions in passing that this claimed irreparable injury lacks "evidentiary certainty." Assuredly, that is correct. I would add that the district court carefully analyzed the need for reducing abortion procedures in different scenarios, weighed this against the harm resulting from the denial of abortion services, and tailored its temporary relief accordingly.

Appellants advance suggested situations in which hospitals would turn away COVID-19 patients because they need to treat women with complications resulting from abortions, or in which abortion procedures would cause shortages in personal protective equipment. But these hypothetical scenarios are just that—hypothetical. Appellants' presentation is devoid of evidence that there is a risk these scenarios would occur if we do not exercise jurisdiction over the temporary restraining order.

Because of that failure, I conclude that Appellants have not established that the district court's temporary restraining order has irreparable consequences.

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert
Clerk of Court

April 13, 2020

Jane K. Castro
Chief Deputy Clerk

Mr. Bryan Cleveland
Mr. Mithun Mansinghani
Mr. Zachary Paul West
Office of the Attorney General for the State of Oklahoma
Litigation Department
313 NE 21st Street
Oklahoma City, OK 73105

RE:   20-6045, South Wind Women's Center, et al v. Stitt, et al
      Dist/Ag docket: 5:20-CV-00277-G

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.


Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of the Court

cc:  Kathryn E. Barrett
John J. Bursch
Alyssa Clark
Ezra U. Cukor
Anisha Dasgupta
Linda C. Goldstein
Tyler R. Green
J. Blake Patton
Samantha N. Rosa
Stuart J. Roth
Nicole A. Saharsky
Diana O. Salgado
Jay Sekulow
Benjamin P. Sisney
Kevin H. Theriot
Travis J. Tu
Kirby B. Tyrrell
Jiaman Wang
Cleland B. Welton II
Edward Lawrence White

CMW/gh