FILED
United States Court of Appeals
Tenth Circuit

August 18, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| SOUTH WIND WOMEN'S CENTER LLC, on behalf of itself, its physicians and staff, and its patients, d/b/a Trust Women Oklahoma City; LARRY A. BURNS, D.O., on behalf of himself and his staff and his patients; COMPREHENSIVE HEALTH OF PLANNED PARENTHOOD GREAT PLAINS INC., on behalf of itself, its physicians and staff, and its patients, | |
| Plaintiffs - Appellees, | |
| v. | No. 20-6055<br>(D.C. No. 5:20-CV-00277-G)<br>(W.D. Okla.) |
| J. KEVIN STITT, in his official capacity as Governor of Oklahoma; MICHAEL HUNTER, in his official capacity as Attorney General of Oklahoma; DAVID PRATER, in his official capacity as District Attorney for Oklahoma County; GREG MASHBURN, in his official capacity as District Attorney for Cleveland County; GARY COX, in his official capacity as Oklahoma Commissioner of Health; MARK GOWER, in his official capacity as Director of the Oklahoma Department of Emergency Management, | |
| Defendants - Appellants. | |
| ------------------------------------------------ | |
| THE AMERICAN CENTER FOR LAW AND JUSTICE; SIXTY-TWO MEMBERS OF THE OKLAHOMA SENATE AND OKLAHOMA HOUSE OF REPRESENTATIVES; AMERICAN | |

| | |
|---|---|
| PUBLIC HEALTH ASSOCIATION; DEBORAH ALLEN; OXIRIS BARBOT; DEBORAH A. BARTZ; RONALD BAYER; CHRIS BEYRER; CAROLINE BUCKEE; ALICE CHEN; MARY ANN CHIASSON; SUSAN COHN; DEBORAH COTTON; WAFAA EL-SADR; BARBARA FERRER; JONATHAN FIELDING; LINDA FRIED; SANDRO GALEA; MARIA GALLO; SAMANTHA GARBERS; GREGG GONSALVES; ANDREW GOODMAN; CELINE R. GOUNDER; NATHAN D. GRUBAUGH; JODIE L. GUEST; KELLI HALL; MARGARET A. HAMBURG; ELIZABETH JANIAK; HEIDI JONES; MITCHELL KATZ; DEBORAH KAPLAN; NANCY KRIEGER; MARC LIPSITCH; MARK LURIE; NICOLE LURIE; POOJA MEHTA; MICHAEL MINA; GINA NOVICK; JENNIFER NUZZO; SAAD B. OMER; NANCY PADIAN; KIMBERLY POWERS; LESLIE ROBERTS; ROGER ROCHAT; JOSHUA SALOMON; ANTHONY D. SO; ANDREA SWARTZENDRUBER; JANET TURAN; STEN H. VERMUND; JUDITH N. WASSERHEIT; JULIE WOMACK; EVA HARRIS, ROMAN CATHOLIC DIOCESE OF TULSA, ARCHDIOCESE OF OKLAHOMA CITY, CATHOLIC CONFERENCE OF OKLAHOMA, OKLAHOMA BAPTISTS AND OKLAHOMA FAITH LEADERS. | |
| Amici Curiae. | |

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

During the COVID-19 pandemic, the Governor of Oklahoma issued an Executive Order (EO) that suspended various medical procedures, including abortions. Plaintiffs-Appellees (the Providers), who provide abortions, sued the Governor and several other officials (collectively, Oklahoma), and eventually obtained a preliminary injunction enjoining Oklahoma from enforcing the EO in several ways related to abortions. Oklahoma quickly filed this interlocutory appeal to challenge the injunction. But less than two weeks after Oklahoma appealed, the relevant portions of the EO expired. The parties now agree that we should dismiss this appeal as moot and that only one question for us remains: Should we vacate the preliminary injunction or leave it undisturbed? We conclude that we should follow the usual practice in interlocutory appeals, so we dismiss the appeal as moot without vacating the injunction order.

I. Background

The Governor issued the EO on March 24, 2020, declaring an emergency and, among other things, requiring "Oklahomans and medical providers in Oklahoma" to "postpone all elective surgeries" and "minor medical procedures" until April 7, 2020.

---

submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Joint App. Vol. 1 at 56. In a March 27 press release, the Governor clarified that the EO prohibited "any type of abortion services" that were "not a medical emergency . . . or otherwise necessary to prevent serious health risks to the unborn child's mother." *Id.* at 60. On April 1, the Governor amended the EO to extend the prohibition on elective surgeries and minor medical procedures until April 30. And on April 16, the Governor again amended the EO to allow some elective surgeries to resume April 24; some elective surgeries and all minor medical procedures still could not resume until April 30.[1]

Meanwhile, the Providers' lawsuit—challenging the EO as it applied to abortions—proceeded in the district court. After Oklahoma clarified how the April 16 amendments affected abortions, on April 20, the district court issued the preliminary injunction, enjoining Oklahoma from enforcing the EO in three ways related to abortions. The next day, Oklahoma filed this interlocutory appeal. It sought to stay the injunction pending the appeal and to expedite the appeal (with a decision on the merits by April 27), but we denied those requests.

---

[1] The April 16 amendments to the EO stated that elective "procedures after" April 24 were subject to a related Executive Memorandum (Memorandum), also issued April 16. Joint App. Vol. 4 at 949. The Memorandum initially said that some elective surgeries would be "[a]llowable May 1," not April 30. *Id.* at 955. On April 20, however, the Governor clarified these time frames through minor amendments to the EO and the Memorandum, providing that the Memorandum governed elective "surgeries on and after" April 24, *id.* at 965, and that all elective surgeries would be "[a]llowable April 30, *id.* at 971. Neither party argues that these minor amendments affect our analysis. And we note that these amendments must have occurred before the district court issued its injunction, which references the amendments. For convenience, we will treat the April 16 amendments as having established the ultimate time frames.

4

On April 30, the EO's abortion restrictions expired.

## II. Discussion

We begin by concluding that this appeal challenging the preliminary injunction is moot. Although we have jurisdiction to review a district court's order granting a preliminary injunction, *see* 28 U.S.C. § 1292(a)(1), we may lose that "jurisdiction if an interlocutory appeal no longer presents a live case or controversy," *Fleming v. Gutierrez*, 785 F.3d 442, 444 (10th Cir. 2015). To determine if this appeal is moot, we consider whether a present decision on the issues before us will have some effect in the real world. *Id.* at 444–45. We conclude that deciding the merits of this appeal now would have no real-world effect because Oklahoma no longer seeks to do what the injunction prohibits. Because the appeal is moot, we lack jurisdiction over the merits and must dismiss. On that much, everyone seems to agree.

But the parties disagree about what, if anything, we should do with the preliminary injunction. Oklahoma argues that we should vacate the injunction, while the Providers contend that we should simply dismiss the appeal and leave the injunction undisturbed.

"The statute that enables us to vacate a lower court judgment when a case becomes moot is flexible, allowing a court to 'direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.'" *Alvarez v. Smith*, 558 U.S. 87, 94 (2009) (quoting 28 U.S.C. § 2106). Whether to vacate a judgment after an appeal becomes moot "is an equitable question that must be determined on the basis of the particular

5

circumstances." *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1116 (10th Cir. 2016) (internal quotation marks omitted). "The principal condition to which we have looked is whether the party seeking relief from the judgment below caused the mootness by voluntary action." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994).

In their disagreement over whether we should vacate the preliminary injunction, the parties debate two general vacatur practices. Oklahoma points out that when a civil case becomes moot while an appeal is pending, "the established practice in the federal system is to reverse or vacate the judgment below and remand with a direction to dismiss." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (internal quotation marks omitted). "That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950). "By its terms, *Munsingwear* applies to final judgments," but we have nevertheless "applied its rationale to vacate interlocutory decisions that have no collateral or preclusive effect." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1132 (10th Cir. 2010).

The Providers highlight a different practice: "In the case of interlocutory appeals the usual practice is just to dismiss the appeal as moot and not vacate the order appealed from." *Fleming*, 785 F.3d at 449 (internal quotation marks omitted). The district court in *Fleming* entered a preliminary injunction requiring the county in that case "to adhere to new regulations increasing the number of voting centers and

6

voting machines" before the 2014 elections. *Id.* at 443. The county filed an interlocutory appeal challenging the injunction. *Id.* The 2014 elections occurred while the appeal was pending, and we concluded that their passage mooted the appeal. *Id.* We therefore dismissed the appeal as moot. *Id.* at 449. Seeing "no reason to deviate from the usual practice" in interlocutory appeals, we did not vacate the injunction order. *Id.*

Oklahoma contends that *Fleming*, and the usual vacatur practice in interlocutory appeals, should not control here because, in contrast to this case, the district court in *Fleming* retained the ability to enter an appealable final judgment involving the same issues raised by the preliminary injunction. At first glance, this argument offers a plausible distinction between this case and *Fleming*. *Fleming* acknowledged the "continuing proceedings" in the district court involving "the same legal arguments" raised during the dispute over the preliminary injunction. *Id.* at 444, 446 (noting the complaint, which sought permanent injunctive relief as well as declaratory relief, remained pending as no final judgment had yet been entered on the remaining claims for relief). Oklahoma asserts that here, however, "the whole matter is moot." Aplt. Reply Br. at 4. Along those lines, the Providers tell us that their "entitlement to attorneys' fees is the only issue left" for the district court to decide and that "vacatur would have no impact on that issue." Aplee. Br. at 23–24.

But a close inspection erases any meaningful distinction between *Fleming* and this case. Similar to the parties here, the plaintiffs in *Fleming* made statements suggesting that the case would not continue in the district court; they stated in a

7

district court pleading that they had "received full relief" and their attorney told the district court that the case would be over if it granted the preliminary injunction. 785 F.3d at 446 n.5. Yet we noted in *Fleming* it was "for the district court to determine on remand whether any claims for relief" remained pending. *Id.* And so it is here. The Providers' complaint seeks not only a preliminary injunction but also a permanent injunction, a declaratory judgment, and attorneys' fees. That complaint has not been dismissed. And despite the parties' broad statements suggesting they believe the entire case is moot, they offer no specific argument about the viability of the remaining claims in the complaint. The district court must determine which, if any, of the Providers' claims remain. *See id.*; *Rio Grande Silvery Minnow v. Keys*, 355 F.3d 1215, 1222 (10th Cir. 2004) (declining to vacate the district court's injunction order, and concluding "that because the complaint has not been dismissed and because the injunction was temporally limited and preliminary, the district court should determine whether there are unresolved issues that remain to be tried").

We accept Oklahoma's argument that it did not cause mootness by taking action "to intentionally evade review." *Wyoming v. Zinke*, 871 F.3d 1133, 1145 (10th Cir. 2017). After all, Oklahoma took no affirmative action to cause mootness while this appeal has been pending. The EO simply expired according to a time frame that existed before the injunction issued, albeit a time frame that the Governor himself created. Moreover, Oklahoma's attempt to have us address the merits during the injunction's brief effective duration suggests that it did not deliberately thwart

"appellate review to avoid a decision on the issues." *McClendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996).

Still, our cases show that vacatur may not be warranted in an interlocutory appeal even if mootness was not caused primarily by a party's action. Recall that the appeal in *Fleming* became moot after elections occurred. The passing of elections no doubt qualifies as happenstance at least as much as the event that caused mootness in this case, the EO's expiration. Yet in *Fleming* we nevertheless adhered to the usual practice of dismissing the appeal as moot without vacating the preliminary injunction. 785 F.3d at 449. And we did the same in *Keys* after concluding that "favorable climatic conditions" were "the most significant factor" causing the appeal to become moot. 355 F.3d at 1221. Here too we conclude that it is appropriate to follow the usual practice in interlocutory appeals, and we decline to vacate the district court's preliminary injunction order.

### III.  Conclusion

We dismiss this appeal as moot.

Entered for the Court
Per Curiam

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert
Clerk of Court

August 18, 2020

Jane K. Castro
Chief Deputy Clerk

Mr. Bryan Cleveland
Office of the Attorney General for the State of Oklahoma
Solicitor General Unit
313 NE 21st Street
Oklahoma City, OK 73105

Mr. Mithun Mansinghani
Mr. Zachary Paul West
Office of the Attorney General for the State of Oklahoma
Litigation Department
313 NE 21st Street
Oklahoma City, OK 73105

RE:   20-6055, South Wind Women's Center, et al v. Stitt, et al
      Dist/Ag docket: 5:20-CV-00277-G

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of the Court

cc:     Kathryn E. Barrett
        John J. Bursch
        Alyssa Clark
        Ezra U. Cukor
        Linda C. Goldstein
        Monica Haymond
        J. Blake Patton
        Samantha N. Rosa
        Stuart J. Roth
        Diana O. Salgado
        Jay Sekulow
        Jordan A. Sekulow
        Matthew R. Shahabian
        Lisa Simpson
        Benjamin P. Sisney
        Christina A. Stierhoff
        Olivia Summers
        Rochelle Swartz
        Kevin H. Theriot
        Travis J. Tu
        Kirby B. Tyrrell
        Jiaman Wang
        Edward Lawrence White
        Erik Zimmerman

CMW/djd